# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LINDA BINGHAM | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.: |
| | ) |
| CREDIT MANAGEMENT, LP | ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for her Complaint against the Defendant, Credit Management, LP, states as follows:

### Jurisdiction & Venue

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act[1] (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]).  Therefore, subject matter jurisdiction exists under 28 U.S.C. § 1331.

2. This action is also brought under Alabama state law.  These claims are brought under 28 U.S.C. Section 1332 as there exists complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

3. Venue is proper in this Court under 28 U.S.C. Section 1391(b) as a substantial part of the events giving rise to the claim took place in this Judicial District and Defendant is subject to personal jurisdiction in this Judicial District.

---

[1] Any reference to the Fair Debt Collection Practices Act or any part thereof encompasses all relevant parts and subparts thereto.

**Parties**

4. The Plaintiff, Linda Bingham ["Plaintiff" or "Bingham"], is a natural person.

5. Defendant CREDIT MANAGEMENT, LP ["Defendant"] is a foreign company that engages in the business of collecting on consumer debts (i.e. a debt collector under the FDCPA) and it does business in this Judicial District. Its principle place of business is outside the State of Alabama.

**Factual Allegations**

6. Within the last twelve months, Plaintiff received numerous harassing phone calls from Defendant about an alleged debt that is not hers.

7. Plaintiff told Defendant repeatedly this was not her debt but Defendant said it would continue to collect it from Plaintiff anyway.

8. Plaintiff was upset by the phone calls, called back, and requested that she receive verification of the account in writing. Plaintiff disputed the debt. She never received any verification.

9. Plaintiff continued to receive harrassing and hateful calls after her requests that Defendant stop calling her.

10. Defendant called using recorded messages and left them on Plaintiff's voicemail.

11. After the initial communication, Defendant did not send out the required 1692(g) letter to the plaintiff.

12. Defendant falsely reported the information regarding the alleged debt owed by Plaintiff to one or more consumer-reporting agencies and failed to report the debt as being in dispute as required by FDCPA.

13. This public reporting to consumer-reporting agencies constitutes defamation as Defendant has publicized false information about the alleged money owed it by Plaintiff, which is false.

14. The conduct of Defendant has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

15. It is a practice of Defendant to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, and state law.

16. All actions taken by employees, agents, servants, or representatives of any type for Defendant were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

17. All actions taken by Defendant were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FDCPA, and state law and/or that they knew or should has known that their actions were in reckless disregard of the FDCPA, and state law.

18. Defendant has engaged in a pattern and practice of wrongful and unlawful behavior with respect to collection activities and the handling of the account as set forth in this Complaint and as such Defendant is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

## FIRST CLAIM FOR RELIEF
### Violations of the FDCPA

19. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

20. Defendant, which is a debt collector under the FDCPA, violated the FDCPA in numerous ways, including, but not limited to the following:

    a. Refusing to send the required 1692(g) notice within five days of contact so that the Plaintiff would be informed of Plaintiff's rights;

    b. Refusing to verify or to provide validation of the debt;

    c. Making numerous and frequent harassing phone calls;

    d. Not showing the account/tradeline as being in "dispute" on Plaintiff's credit report;

    e. Falsely reporting the debt on Plaintiff's credit report; and

    f. Using recorded phone calls to Plaintiff in violation of FDCPA.

21. Plaintiff has been damaged as a direct result of these violations of the FDCPA as set forth in this Complaint.

## SECOND CLAIM FOR RELIEF
### State Law Claims

22. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

23. Defendant repeatedly called Plaintiff in a harassing manner. Plaintiff informed Defendant not to harass her, but her requests were not honored. This constitutes harassment and invasion of privacy as does the false reporting to the credit reporting agencies.

24. Defendant negligently and/or recklessly hired, supervised, trained, or selected its employees and/or debt collectors who dealt with Plaintiff.  Defendant knew that its employees and/or agents were incompetent and knew or should have known that its employees and/or agents would violate state and federal law but yet these incompetent debt collectors were used throughout the dealings with Plaintiffs.

25. Defendant defamed Plaintiff as set forth in this Complaint by publishing untrue statements about Plaintiff.

26. Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiffs as set forth in this complaint.

27. Such negligence, malice, wantonness, recklessness, and/or intentional conduct proximately caused the damages set forth in this complaint.

## **RELIEF SOUGHT**

28. An award of statutory, actual, compensatory, and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees.

29. Plaintiff also requests all further relief to which she is entitled under Federal or State law, whether of a legal or equitable nature.

Respectfully Submitted,


/s/ John G. Watts
**John G. Watts ASB-5819-T82J**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, P.C.
15 Office Park Circle, Suite 206
P.O. Box 531168
Birmingham, AL  35253
(205) 879-2447
(205) 879-2882 *facsimile*
john@wattslawgroup.com


 /s/ M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
201 Avon Place
700 29th Street South
Birmingham, AL  35233
(205) 714-4443
(205) 714-7177  *facsimile*
msh@mstanherringlaw.com


**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**


/s/ M. Stan Herring
**Attorney for Plaintiff**

6

**Serve Defendant via certified mail at the following addresses:**

Credit Management, LP
CSC Lawyers Incorporating SRV Inc.
150 S. Perry Street
Montgomery, AL 36104